OSCAR A. OLSTAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76683. Promulgated May 24, 1935.

*Albert L. Cuff, Esq.,* for the petitioner.
*Samuel L. Young, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $170.21 in petitioner's income tax for 1931, by attributing to him income in the final distribution of an employees' trust. The proceeding was

submitted upon a written stipulation which it is unnecessary to set forth at length.

The Blaw-Knox Co., of which the petitioner was an employee, organized an employees' trust, and, by the corporation's selection, petitioner was permitted to become a participant. He subscribed first $3,000 and then $5,000, before 1931, and was allotted a share amounting to 140 proportionate interests out of a total of 18,230. The corporation sold to the trust 15,000 Blaw-Knox shares then having a market value of $1,545,000, for a price of $900,000. The contributions of participating employees amounted to $1,148,000, and the trust received income amounting to $111,167.17. The employee had no right, before termination of the trust, to trust assets or profits unless the trustee in his discretion elected to make a distribution; and if the employment ceased before the termination of the trust, his right of withdrawal was limited to his investment diminished by trust losses and not augmented by gains. He had no legal interest in trust assets before distribution. The value of Blaw-Knox shares decreased. The trust was duly terminated in 1931 and as his proper distributive share petitioner received $266.65 cash and 430 Blaw-Knox shares having a fair market value of $4,515.

Petitioner reported on his return neither a gain nor loss. Respondent, as the basis for the deficiency, imputed to him income of $5,807.06 as his portion of the $645,000 (excess of value of shares at the time they were sold by the corporation to the trust over the sale price) and the $111,167.17 trust earnings.

A provision to serve the purpose of exempting employees' trusts first appeared in the Senate revision of the Revenue Bill of 1921. The report of the Finance Committee, 67th Congress, 1st session, Report No. 275, at page 16, said:

ESTATES AND TRUSTS.

Section 219 is amended slightly for the purpose of clarifying its provisions and making the interpretation thereof more definite and certain. A new subdivision (f) is added providing that an irrevocable trust created by an employer as part of a stock bonus or profit-sharing plan shall not be taxable under this section, but that the amounts actually distributed to any employee shall be taxable to the employee when distributed, to the extent that they exceed the contributions made by such employee.

The Conference Report of November 19, 1921, 67th Congress, 1st Session, Report No. 486, at page 29, contains the following:

Amendment No. 297: This amendment provides for the exemption from income tax of the income of a trust created by an employer as a part of a stock bonus or profit-sharing plan for the exclusive benefit of his employees, to which contributions are made by the employer or employees, or both, for the purpose of distributing to such employees the earnings and principal accumulated by the trust. The amendment, however, also provides that the amount

actually distributed or made available to any distributee shall be taxable to him in the year in which distributed or made available, to the extent that it exceeds the amount paid in by him. The House recedes.

The Revenue Act of 1921, section 219 (f), is as follows:

(f) A trust created by an employer as a part of a stock bonus or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under this section, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits that part of the amount so distributed or made available as represents the items specified in subdivisions (a) and (b) of section 216.

So the provision remained in the Revenue Act of 1924, section 219 (f), and the Revenue Act of 1926, section 219 (f). The apparent purpose of this provision was not to impose a new tax, but rather to exempt such a trust entirely from tax and to postpone the incidence of tax until actual realization by the employee of the gains which were expected to inure to him from the trust. There is no reason to believe that the section was intended as a means of taxing to the employee any amount except gain or income to him, and indeed it may fairly be believed that the possibility of loss to the employee was not anticipated.

In presenting the Revenue Bill of 1928, the Ways and Means Committee of the House proposed a modification of section 219 (f) of the 1926 Act, and in its report of December 7, 1927, 70th Congress, 1st Session, Report No. 2, at page 22, appears the following:

### SEC. 165. EMPLOYEES' TRUSTS.

Section 219 (f) of the 1926 Act provides that where a trust is created by an employer as a part of a stock bonus or profit-sharing plan for the benefit of the employees, and contributions are made to the trust by the employer and the employees, the amount actually distributed to the employees by the trust, in excess of their contributions, is taxable when distributed. Upon the termination of the plan there is distributed to the employee his proportionate share of the stock or securities purchased under the plan. Under section 219 of the 1926 Act, in such a case, the appreciation in the value of the stock, from the date of purchase by the trustee to the time of the distribution, is treated as income. As a result the employee is taxed not only upon the amount contributed to the trust by the employer, and the dividends or interest distributed to the employee, but also upon the appreciation in the value of the stock, which has not been realized. The amendment provides that upon such a distribution to an employee there should be taxed to him as compensation the amount contributed by the employer toward the purchase of the stock, all cash dividends on the stock, any interest paid to the employee, and any other income received by him, but that any appreciation in the value of the stock over the cost to the trustee should not be taxed unless and until the gain is realized.

The Finance Committee of the Senate held the same view as the House, and its report of May 1, 1928, 70th Congress, 1st Session, Report No. 960, at page 21, said:

### SEC. 23 (q)—PENSION TRUSTS.

Section 165 of the House bill, like section 219 (f) of the 1926 act, exempts from taxation a trust created by an employer as part of a stock bonus, pension, or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by the employer, or employees, or both, the ultimate purpose being to distribute the earnings and principal of the fund often in the form of stock or securities, purchased under the plan, to the employees. The House bill and the existing law provide that the employee shall be taxed when he receives distributions from the fund, though the House bill makes a change in the method of computing the amount of taxable income realized by the employee on distributions from the trust. Under section 219 of the 1926 act the employee is taxed not only upon the amount contributed to the trust by the employer and the dividends or interest distributed to the employee, but also upon all unrealized appreciation in the value of the stock, when he receives it from the trust. The House amendment, adopted by the committee without change, corrects the situation by providing that upon such distribution, there shall be taxed to the taxpayer as compensation, the amount contributed by the employer toward the purchase of the stock, all cash dividends on the stock, any interest paid to the employee, and any other income received by him, but that any appreciation in the value of the stock purchased under the plan over the cost to the trustee shall not be taxed unless and until the gain is actually realized, which ordinarily occurs when the employee sells the stock.

A considerable number of business concerns, however, established pension plans for the benefit of their employees a good many years ago, under arrangements by which the company set aside a pension reserve fund, to which annual additions were made, the reserve fund not being turned over to a trustee. The yearly additions to such reserve funds were not deductible for income-tax purposes. These employers now desire to adopt the more satisfactory plan of turning over the pension reserve funds to trustees to hold for the benefit of their employees. Under existing law, no deduction would be allowed for such a transfer representing past accumulations, though distributions from the fund are taxable to the employee as additional compensation. The committee proposes an amendment in section 23 (q) which permits such reserve funds to be turned over to a trustee and allows the amount thereof to be prorated as a deduction over a period of years equivalent to the time during which the reserve fund was accumulated. This prevents the employer from taking the entire deduction in the year of transfer and operates equitably to the employer and to the Government.

Pursuant thereto, Revenue Act of 1928, section 165, was enacted, as follows:

### SEC. 165. EMPLOYEES' TRUSTS.

A trust created by an employer as a part of a stock bonus, pension, or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under

section 161, but the amount contributed to such fund by the employer and all earnings of such fund shall be taxed to the distributee in the year in which distributed or made available to him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of dividends and interest specified in section 25 (a) and (b).

We think this discloses that again the Congress was concerned with an alleviation of what it regarded as an undue tax burden upon the employee resulting from the treatment as gain in his hands of the unrealized increment in the value of the trust property before its distribution to him. The purpose of the change in the 1928 Act was, not to tax the employee where he was not being taxed before, but to relieve him of all possibility of tax upon appreciation in the value of trust securities before such appreciation came to his hand by sale.

The respondent, however, by a literal regard for the phraseology of the Revenue Act of 1928, would impute to the employee an artificial gain or income despite the fact that everything he receives is less than he paid in. His interpretation of the Revenue Act of 1928 is not one of further relief from a tax which would have been imposed under the 1926 Act, but of covertly defining as income a figure which had never theretofore been so recognized. In order to reach such a result it would be necessary to adopt several assumptions: First, that the sale by the employer to the trust of shares for a price less than their value is to be regarded as a contribution within the meaning of the section; second, that such a contribution is, when made, income, although the trust recipient is tax exempt; third, that such an amount, although not taxed when received by the trust, is nevertheless to be taxed to the employee upon termination of the trust, even though in the meanwhile it has disappeared through economic forces and he therefore never receives it; fourth, that in the ostensibly simple and generous language of the statute lurks a subtle mathematical formula to convert what is plainly an unfortunate transaction into a gain.

The petitioner does not claim to be entitled to deduct as a loss the difference between the amount of his investment and the value of the property distributed to him by the trust, and we do not therefore go so far as to say that such a loss has been sustained. But the failure of the statute to recognize a loss may not be regarded as a ground for computing a gain. While it may be that the distribution at the termination of the trust is properly but the occasion of a purchase by the employee of the shares distributed at a cost represented by the amount originally invested, and that he may not deduct a loss, he is not to be charged with a gain or income. In the present proceeding, it is the latter proposition alone which we are called upon

to decide, and we have no difficulty in concluding that the receipt of the shares worth $4,515, and the cash of $266.65, after the petitioner had invested $8,000, does not involve the receipt by him at that time of taxable income.

The only decision which touches the subject is that of *Schaefer* v. *Bowers*, 50 Fed. (2d) 689. It was there held, under the Revenue Act of 1926, that the employee was taxable at the time of the distribution of the trust with the value of the shares received, to the extent that such value exceeded his investment. The argument that the incidence of the tax occurred at the time of the employee's contribution to the trust, because the employee could be said immediately to have an equitable interest in the trust property, was rejected. In the course of the opinion, reference was made to the effect of the amendment of 1928, and the court suggested that it would be an unreasonable interpretation of the Act of 1928 to hold that the employee would be taxable upon income of the trust to which he had never had access and over which he had never had control, when prior to the distribution to him the shares had fallen in value. Although this was clearly *obiter*, we see no reason to believe that the court failed to apprehend the language or intendment of the 1928 Act or that the decision by the court would have been otherwise if the present problem had been there suggested. It seems to us that it adequately meets the Government's argument in the present case.

We therefore hold that the Commissioner was in error in increasing petitioner's income by $5,807.06.

*Judgment will be entered under Rule 50.*